IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND-ODESSA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| vs. | ) |
| | )   MO:20-CR-355 |
| | ) |
| MARTIN RENTERIA | ) |

**UNITED STATES' NOTICE OF INTENT
TO ADMIT EVIDENCE OF DEFENDANTS' PRIOR CHILD MOLESTATION
OFFENSES PURSUANT TO FEDERAL RULE OF EVIDENCE 414**

COMES NOW, the United States of America, by and through undersigned counsel, and provides notice of its intent to admit evidence of Defendant's prior child sexual molestation offenses pursuant to Federal Rule of Evidence 414. Defendant was accused in both 2005 and 2015 of nearly identical child molestation offenses as in the instant matter. The United States intends to introduce evidence of those prior child molestations primarily through the testimony of the victims, with supplement from their family members and investigators.

**INTRODUCTION**

Congress enacted Federal Rules of Evidence 413–415 as part of the Violent Crime Control and Law Enforcement Act of 1994. Pub. L. No. 103-322, 108 Stat. 1796 (1994). These Rules are designed to "supersede in sex offense cases the restrictive aspects of Federal Rule of Evidence 404(b)" and to create a presumption that "evidence admissible pursuant to the proposed rules is typically relevant and probative, and that its probative value is normally not outweighed by any risk of prejudice or other adverse effects." 140 Cong. Rec. H8991-92 (1994) (remarks of principal House sponsor, Rep. Molinari); *see also* 140 Cong. Rec. S12990; David J. Karp, *Evidence of Propensity*

1

*and Probability in Sex Offense Cases and Other Cases*, 70 Chi.-Kent. L. Rev. 15, 19 (1994)[1]. The legislative sponsors of Rules 413-415 further noted that:

> The reform effected by these rules is critical to the protection of the public. . . [a]nd is justified by the distinctive characteristics of the cases to which it applies. In child molestation cases, for example, a history of similar acts tends to be exceptionally probative because it shows an unusual disposition of the defendant -- a sexual or sado-sexual interest in children -- that simply does not exist in ordinary people.
>
> Moreover, such cases require reliance on child victims whose credibility can readily be attacked in the absence of substantial corroboration.   In such cases, ***there is a compelling public interest in admitting all significant evidence that will shed some light on the credibility of the charge and any denial by the defense***.
>
> Similarly, sexual assault cases, where adults are the victims, often turn on difficult credibility determinations . . . Knowledge that the defendant has committed rapes on other occasions is frequently critical in assessing the relative plausibility of these claims and accurately deciding cases that would otherwise become unresolvable swearing matches. The underlying legislative judgment is that the evidence admissible pursuant to [Rules 413–415] is typically relevant and probative, and that its probative value is normally not outweighed by any risk of prejudice or other adverse effects.

*Id.* (emphasis added)

In adopting these rules, Congress built upon a large body of precedent favoring a permissive approach to similar crimes evidence in sex offense cases.   Many jurisdictions have recognized the need for special evidence rules to ensure fully informed decisions by juries in cases involving sexually violent crimes or the sexual abuse of children. Such jurisdictions have historically allowed such evidence through the adoption of special "lustful disposition" rules. *See* Thomas J. Reed, *Reading Gaol Revisited: Admission of Uncharged Misconduct Evidence in Sex Offender Cases*, 21

---

[1] The principal sponsors of Rules 413-415 noted that an address delivered to the Evidence Section of the Association of American Law Schools by David J. Karp – then Senior Counsel at the Office of Policy Development at the Department of Justice and the drafter of Rules 413-415-- was to serve as an "authoritative" part of the Rules' legislative history.  *See* 140 Cong. Rec. 23,602 (1994); *Johnson*, 283 F.3d at 153-56.
   This legislation was initially proposed in February 1991 in the Women's Equal Opportunity Act and subsequently reintroduced in the Sexual Assault Prevention Act bills of the 102d and 103d Congress.  *See* 137 Cong. Rec. S3212, 3238-42 (1991) (bill text and original Senate sponsors' statement).

Am. J. Crim. L. 127, 188 (1993) (characterizing 29 states as allowing propensity evidence in some category or categories of sex offense cases). Other jurisdictions achieved similar results by interpreting standard exception categories like those found in Rule 404(b) with unusual liberality in sex offense cases. *See, e.g.*, IA *Wigmore's Evidence* § 62.2, at 1334-35 (Tillers rev. 1983) (rule against propensity evidence often not honored in sex offense cases).  Furthermore, Congress recognized and intended that this approach would make the admission of similar crimes evidence in federal sex offense cases the norm, and its exclusion the exception. The legislative sponsors noted:

> The practical effect of the new rules is to put evidence of uncharged offenses in sexual assault and child molestation cases on the same footing as other types of relevant evidence that are not subject to a special exclusionary rule. The ***presumption is in favor of admission***. The underlying legislative judgment is that the evidence admissible pursuant to the proposed rules is typically relevant and probative, and that its probative value is normally not outweighed by any risk of prejudice or other adverse effects.
>
> In line with this judgment, the rules do not impose arbitrary or artificial restrictions on the admissibility of evidence. Evidence of offenses for which the defendant has not previously been prosecuted or convicted will be admissible, as well as evidence of prior convictions. No time limit is imposed on the uncharged offenses . . . as a practical matter, evidence of other sex offenses by the defendant is often probative and properly admitted, notwithstanding substantial lapses of time in relation to the charged offense or offenses.

140 Cong. Rec. H8992 (1994) (Statements of Rep. Molinari and Senator Dole) (emphasis added); *See also* 137 Cong. Rec. S3212, S338-3242 (1991); Karp, 70 Chi.-Kent L. Rev. at 19.

Pursuant to Federal Rule of Evidence 414, the United States provides notice of its intent to admit evidence of Defendant's other crimes and acts: specifically, Defendant's contact sexual molestation of a prepubescent boy in 2005 and contact sexual molestation of another prepubescent boy in 2015.

**FACTUAL AND PROCEDURAL BACKGROUND**

On or about May 21, 2005, Defendant invited an 11-year-old boy ("2005 Victim"), who lived next door, to come over and watch a movie with Defendant and Defendant's 6-year-old son. While there, Defendant's son fell asleep on the couch. "2005 Victim" complained to Defendant that his chest was hurting, at which point Defendant had "2005 Victim" lay down on the couch and Defendant began massaging his feet and legs under his sweatpants. Defendant then asked "2005 Victim" if he wanted to see something cool, at which point Defendant pulled down "2005 Victim's" sweatpants and began sucking his penis. "2005 Victim" told Defendant to stop, and Defendant said the boy had to promise to keep it a secret. Defendant then asked if he could do it one more time and rubbed the boy's genitals over the clothes, but "2005 Victim" said no and went home around 11pm and told his mother what happened. Defendant ultimately pled guilty to three counts: (1) Texas Penal Code Section 22.021: Aggravated Sexual Assault of a Child, (2) Texas Penal Code Section 21.11: Indecency with a Child, and (3) Texas Penal Code Sections: 15.01 and 21.11: Attempted Indecency with a Child. The United States intends to introduce the facts of Defendant's 2005 molestation through the testimony of the victim and his mother.

On or about July 4, 2015, Defendant attended a party at the residence of some friends from church. While there, Defendant got too drunk, so the friends offered that the defendant could sleep on their couch in the living room. At approximately 5:00am, the mother of "2015 Victim" woke up to check on her children, and found the Defendant in her 10-year old-son's bed, lying next to her son, "2015 Victim". Defendant was not under the blanket. She woke up her husband, who woke up Defendant and told him to go back to the couch. The father of "2015 Victim" took Defendant home around noon that day.

Initially, "2015 Victim" said nothing happened, but later said that he was not supposed to

tell what the Defendant had done to him. During his forensic interview, "2015 Victim" explained that Defendant came into his room that night, laid down on the bed next to him, and began to tickle his stomach and touch his penis. "2015 Victim" further demonstrated with his hands that Defendant was masturbating "2015 Victim". When Defendant asked if he liked it, "2015 Victim" told Defendant no. "2015 Victim" further explained that Defendant touched his back, butt, and legs in a rubbing motion. "2015 Victim" confirmed that Defendant engaged in skin-to-skin contact with his hand on "2015 Victim's" genitals inside his clothes.

In an interview with law enforcement, Defendant admitted that he spent the night at that residence, and that the parents found him in the bedroom of "2015 Victim" who he confirmed was 10 years old. Defendant did not plead guilty to the 2015 offense, but instead went to trial where a jury in Midland County returned a not guilty verdict. The jury was not informed of the 2005 incident. The United States intends to introduce the facts of the 2015 molestation through the testimony of the victim, his parents, and a Midland Police Detective who interviewed Defendant.

On October 27, 2020, the Midland Police Department responded to a call from a mother[2] reporting sexual assault of her 11-year-old son (the "Minor-Victim"). Tr[3]. at 10:2-5; 12:18. Officers were thereafter dispatched to the mother's residence. *Id.* Detective Rosie Rodriquez, a detective assigned to crimes against persons, advised the responding officers to transport the Minor-Victim to the Midland Child Advocacy Center (the "CAC") for a forensic interview. Tr. at 9:19-22; 10:22-11:2. While at the CAC, Detective Rodriquez interviewed the Minor-Victim's mother. *Id.* at 11:3-7. The mother reported that, earlier that day, she received information from an

---

[2] The individual is the step-mother of the child, but both she and the Minor-Victim refer to her as the "mother."

[3] Citations to "Tr." refer to the transcript of the Hearing held in his case. ECF No. 50. At the Hearing, the court received a total of six exhibits into evidence (three from the government and three from the defendant). Because the Government's exhibits contained identifying information about the Minor-Victim those exhibits were sealed. Tr. at 3. Citations to those exhibits are referred to as "GX" or "DX" respectively.

individual, who at some point was in a relationship with the defendant (the "Ex-fiancé"), and who told the mother that she had viewed a video of the Minor-Victim performing a sexual act on the defendant on the defendant's cell phone.  *Id* at 11:21-25; 12:1-25.

The same day, Detective Rodriquez interviewed the Ex-fiancé.  *Id.* at 13:2-9.  The Ex-fiancé reported that she was familiar with the identity of both the defendant and the Minor-Victim, the defendant's voice, and the inside of the defendant's house.  *Id.* at 8:21.  She also stated that she had spent the evening at the defendant's residence, had gone through his cell phone, and had discovered and viewed a video of the Minor-Victim performing a sex act on the defendant.  *Id.* At the CAC, Detective Rodriquez also remotely observed the interview of the Minor-Victim by the forensic interviewer.  *Id.* at 14: 4-12.  During the interview, Detective Rodriquez witnessed the Minor-Victim disclose to the forensic interviewer the defendant's sexual abuse of him, including the nature of their interactions, the type of activities the Minor-Victim performed for the defendant, and the defendant's purchase of toys and payment of money in exchange for a sexual act.  *Id.* at 14:13-25; 16:1-18.  The sexual abuse included pulling the Minor-Victim's pants down and sucking on his penis as well as masturbating the penis of the Minor-Victim under his clothes.  The Minor-Victim also detailed that some of the events occurred while watching TV and or in bed.  The Minor-Victim explained that the Defendant lived in his neighborhood.  During the course of his interview, the Minor-Victim corroborated the sex act that the Ex-fiancé described viewing on the video.  *Id.* at 17:13-17.  Specifically, the Minor-Victim disclosed that while performing the act, he observed himself being recorded.  *Id.* at 18:22. The Minor-Victim also provided the interviewer with a description of defendant's cell phone, which he observed making the recording.  *Id.*  And he reported to the interviewer that upon noticing he was being recorded, he made a statement to the defendant to the effect, *i.e.* "you are recording me."  *Id.* at 17:23-25; 18: 7-10.  Both the Minor-

Victim and the Ex-fiancé provided the passcode to the cell phone to Detective Rodriguez. *Id.* at 21-24. The Minor-Victim disclosed that the Defendant told him not to tell anyone about his sexual abuse.

On April 28, 2021, a Grand Jury in the Western District of Texas returned a Superseding Indictment against Defendant, charging Sexual Abuse of Children-Production of Child Pornography, in violation of 18 U.S.C. § 2251(a) (Count One); Committing a Felony Offense Involving a Minor While Required to Register as a Sex Offender, in violation of 18 U.S.C. § 2260A (Count Two); Possession of Child Pornography, in violation of 18 U.S.C. § 2252(a)(4) (Count Three); and Sex Trafficking of Children, in violation of 18 U.S.C. § 1591(a) (Count Four).

## ARGUMENT

### Defendant's Prior Acts of Child Molestation Are Admissible Pursuant to Federal Rule of Evidence 414.

In stark contrast to Rule 404(b), Rule 414 specifically allows for the use of a defendant's other acts for the purpose of demonstrating to the jury that the defendant had a propensity to commit these types of crimes. *See United States v. Levinson*, 504 F. App'x 824, 827 (11th Cir. 2013); *United States v. Rivera*, 551 F. App'x 531, 533 (11th Cir. 2014); *United States v. Guidry*, 456 F.3d 493, 501 n.2 (5th Cir. 2006) ("Rules 413, 414, and 415 provide exceptions to the general prohibition on character evidence in cases involving sexual assault and child molestation."); *United States v. McGuire*, 627 F.3d 622, 626 (7th Cir. 2010) (finding admissible for propensity, under Rule 414, the evidence of defendant's molestation of four other children).

Federal Rule of Evidence 414 provides, in pertinent part:

> In a criminal case in which the defendant is accused of an offense of child molestation, evidence of the defendant's commission of another offense or offenses of child molestation is admissible, and may be considered for its bearing on any matter to which it is relevant.

7

The rule defines "child molestation" broadly but includes "any conduct proscribed by Chapter 110 of title 18, United States Code," and "any conduct proscribed by Chapter 109A of title 18, United States Code." *See* Fed. R. Evid. 414(d)(2)(A)-(B). Conspiracies and attempts are also included. *See* Fed. R. Evid. 414(d)(2)(F). The term "child molestation" encompasses charged or uncharged criminal conduct under state or federal law involving traditional notions of hands-on offenses against children as well as the production, distribution, receipt or possession of child pornography. *See* Fed. R. Evid. 414(d)(2).

Prior to the passage of Rules 413-415, admission of a defendant's prior crimes or acts was governed by Rule 404(b), which generally disallows such evidence when used to prove character in order to show action in conformity therewith. *See United States v. LeMay*, 260 F.3d 1018, 1024 (9th Cir. 2001) (upholding admission of evidence of defendant's prior acts of molestation and conviction for child molestation 11 years before the charged conduct because such Rule 414 evidence serves to "corroborate testimony of the victims," and is "exactly the sort of use of prior acts evidence that Congress had in mind when enacting Rule 414.") Rule 414 "changes this general rule with respect to child molestation cases." *Id.; see also United States v. Brimm*, 2015 WL 1898375, at *2-3 (11th Cir. Apr. 28, 2015) (citing *United States v. McGarity,* 669 F.3d 1218, 1243–44 (11th Cir. 2012) (addressing Rule 414); *United States v. Batton,* 602 F.3d 1191, 1196 (10th Cir. 2010) (concluding that Rule 413 provides an exception to Rule 404's prohibition of propensity evidence); *United States v. Rogers,* 587 F.3d 816, 821 (7th Cir. 2009) (same); *United States v. Lewis*, No. 07-3143, 2009 WL 377302 (D.C. Cir. Jan. 23, 2009) (evidence that defendant possessed child pornography admissible in prosecution for attempted coercion and enticement of a minor). However, despite their differences, both Rules 414 and 404 are subject to the balancing test of Rule 403. *See McGarity,* 669 F.3d at 1244 n.32.

Rule 414(a) provides that, "[i]n a criminal case in which a defendant is accused of child molestation, the court may admit evidence that the defendant committed any other child molestation," and such "evidence may be considered on any matter to which it is relevant." Fed. R. Evid. 414(a). Pursuant to Rule 414, "evidence that a defendant engaged in child molestation in the past is admissible to prove that the defendant has a disposition of character that makes it more likely that he did commit the act of child molestation charged in the instant case." *Levinson*, 504 F. App'x at 827.

In short, the Rule 414 analysis has four prongs: (1) Defendant must be accused of a "child molestation" offense, as defined by the rule; (2) the evidence the United States seeks to admit must be "child molestation" offenses, as defined by the rule; (3) the evidence must be relevant; and (4) the probative value of the evidence must not be substantially outweighed by the danger of undue prejudice. All four prongs have been met here.

### 1. Defendant is accused of "child molestation" offenses under Rule 414.

Defendant is presently charged with violating 18 U.S.C. §§ 2251(a) and 2252(a)(4). Both statutes are located in Chapter 110 of Title 18. Thus, the first prong of the Rule 414 analysis, which requires the defendant be charged with a "child molestation" offense, is satisfied. *See* Fed. R. Evid. 414(d)(2)(A).

### 2. Defendant's prior sexual assaults are "child molestation" offenses under Rule 414.

Defendant's conviction for abusing a boy in Corpus Christi in 2005, as well as the similar allegation against Defendant by another boy in 2015, clearly qualify as "child molestation" offenses because both incidents fit neatly within Rule 414(d)(2)(A), which includes "any conduct prohibited by 18 U.S.C. Chapter 109A." Indeed, Chapter 109A, such as 18 U.S.C. § 2241(c), prohibits the aggravated sexual abuse of a child under the age of 12. Similarly, 18 U.S.C. § 2243 prohibits sexual

9

abuse of a minor or ward. Section 2246 provides definitions for Chapter 109A offenses, such as "sexual contact" to include "the intentional touching, either directly or through the clothing, of the genitalia, anus, groin, breast, inner thigh, or buttocks of any person with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person." 18 U.S.C. § 2246; *see also United States v. Moore*, 425 F. App'x 347 (5th Cir. 2011) (discussing over-the-clothes evidence properly admitted in child pornography prosecution). Here, as the facts make clear, Defendant engaged in sexual contact of both "2005 Victim" and "2015 Victim" by engaging in the intentional touching of the genitalia of both victims.

In addition to the federal statutory path to admissibility, Rule 414 defines "child molestation" to also include a crime under state law, even if it is merely an attempt. *See* Rule 414(d)(2)(F). In 2005, Defendant was convicted of three crimes in Texas: (1) Texas Penal Code Section 22.021: Aggravated Sexual Assault of a Child, (2) Texas Penal Code Section 21.11: Indecency with a Child, and (3) Texas Penal Code Sections: 15.01 and 21.11: Attempted Indecency with a Child. Similarly, in 2015, Defendant was charged with Indecency with a Child, in violation of Texas Penal Code 21.11.[4]

Aside from the unambiguous parallel between the names of the defendant's charges, *e.g.* the defendant's state conviction of "aggravated sexual assault of a child," and the generic offense, "aggravated sexual abuse," a review of the elements of the defendant's prior convictions demonstrate that those convictions are *"child molestation"* offenses under Rule 414. By way of example, Texas Penal Code § 21.11 states in relevant part:

---

4 The disposition of the "2015 Victim's" case has no bearing on its admissibility because the disposition is not relevant. *See United States v. Oakie*, 993 F.3d. 1051, 1053-54 (10th Cir. 2021) (holding that in admitting prior child molestation under Rule 414 the defendant's "acquittal was irrelevant because it did not prove innocence but simply showed that the government did not meet its burden in proving guilt beyond a reasonable doubt"). Indeed, the Tenth Circuit in *Oakie* even prohibited the fact of the acquittal from being admitted finding that "there was no easy way to admit it without violating the hearsay rule" and "it is, after all, an out-of court statement that [the defendant] tried to offer for the truth of the matter asserted." *Id.*

10

"a person commits an offense, if with a child younger than 17 years of age, whether the child is of the same or opposite sex and regardless of whether the person knows the age of the child at the time of the offense, the person: (1) engages in sexual contact with the child or causes the child to engage in sexual contact or, (2) with intent to arouse or gratify the sexual desire of any person: (A) exposes the person's anus or any part of the person's genitals, knowing the child is present; or (B) causes the child to expose the child's anus or any part of the child's genitals."

Thus, it is clear that because Defendant engaged in conduct with both of the victims in 2005 and 2015 that would violate § 21.11, those events qualify as "child molestation" offenses for purposes of Rule 414. Furthermore, the Seventh Circuit has rejected a categorical approach to the analogous Rule 413 analysis, instead explaining that a fact-based inquiry is more appropriate. *United States v. Foley*, 740 F.3d 1079, 1087 (7th Cir. 2014) ("Rule 413 uses statutory definitions to designate the covered conduct, but the focus is on the conduct itself rather than how the charges have been drafted."). In other words, the Court must look at the underlying conduct rather than any specific charges or elements. This is for good reason—some prior child molestations might not have ever been reported to law enforcement, much less formally charged, and thus a fact-based inquiry is necessary to assess whether the conduct qualifies under Rule 414.

### 3. **Defendant's prior acts of "child molestation" are relevant to the charged offense.**

Defendant's 2005 and 2015 child molestations are relevant to the charged offense because each demonstrates a sexual interest in children. Indeed, the similarities between all three events—2005, 2015, and 2020—are striking. All three involved:

- a boy;
- aged 10 or 11;
- who Defendant knew through neighborhood and/or church connections; and
- touching of the genitals or oral sex

11

"Courts routinely find child molestation relevant to child exploitation offenses. For example, in *United States v. Woods*, 684 F.3d 1045 (11th Cir. 2012), the defendant was charged with downloading child pornography. In an interview with law enforcement, the defendant admitted to molesting his niece. *See id.* At trial, the defendant argued that the government could not prove that he, rather than his ex-wife or roommates, was the one to receive and possess the child pornography. *See id.* The trial court admitted the evidence of his prior molestation of his niece, and the court of appeals affirmed such admission because that evidence of molestation "was probative of [the defendant's] interest in child pornography and therefore made it more likely that [the defendant], and not his ex-wife or roommates, was responsible for the child pornography found on the two computers." *Id.* at 1065.

Similarly, in *United States v. Moore*, 425 F. App'x 347 (5th Cir. 2011), the defendant was charged with possessing and receiving child pornography. The prosecution admitted evidence, under Rule 414, that the defendant had molested his step-daughter. The Fifth Circuit affirmed the admission of such evidence because of the "similarities between the alleged molestation and the downloading of child pornography" in that "both acts involved similar mental states." *Moore*, 425 F. App'x at 352. Moreover, the Fifth Circuit affirmed the usage of such other molestations "to prove [the defendant's] sexual interest in children." *Id*. The court relied upon the definition of sexual contact in § 2246 to conclude that the touching qualified as child molestation under Rule 414, and then admitted the evidence after finding it relevant and finding that it satisfied Rule 403. In other words, the *Moore* court held that the uncharged conduct of groping the clothed buttocks qualified as a "child molestation" under Rule 414(d)(2)(A), and that it should be admitted against the defendant in his trial on charges of receiving and possession child pornography. *Moore*, 425 F. App'x at 352.

The same principles from *Woods* and *Moore* apply here. Defendant's prior contact offenses against prepubescent boys should be admitted to prove his sexual interest in children. Indeed, while Defendant pled guilty to the 2005 conduct, he has since recanted in a letter to the state judge, claiming he was not guilty of that conduct. Similarly, Defendant went to trial on the 2015 conduct and the jury found him not guilty. In the instant matter, he has also denied the sexual contact with Minor Victim. In other words, he has steadfastly denied that he has a sexual interest in children, but the repeated conduct belies such denials. Indeed, he has been accused by three different prepubescent boys, none of whom know each other.

Additionally, the conduct the three boys have accused him of are not just vaguely approximate sexual acts, but instead are substantially similar conduct involving the hands-on touching of the genitals and oral sex. Moreover, the allegations come not just from people under the age of 18, but from boys who are all within 1 year of age of each other, at 10 or 11 years old.

The evidence of Defendant's child molestations is probative of his interest in seeking to produce a visual depiction of Minor Victim being sexually abused (Count 1), and probative of his interest in trying to persuade Minor Victim to engage in sexual acts in exchange for something of value (Count 4). Therefore, it is more likely that Defendant was, in fact, responsible for the contact abuse of Minor Victim. Because Defendant's molestation of children in 2005 and 2015, and, thus, sexual interest in children is relevant, the third prong of the Rule 414 analysis has been met.

### 4. **The probative value of the evidence is not substantially outweighed by a risk of undue prejudice.**

"Evidence admissible under Rule 414 must also meet the requirements of other provisions of the Federal Rules of Evidence, including Rule 403." *United States v. Carino*, 368 F. App'x 929, 929 (11th Cir. 2010); *United States v. Loughry*, 660 F.3d 965, 970 (7th Cir. 2011) ("[A]fter a Rule 414 analysis, the district court must carefully consider whether prior bad acts evidence should be

13

excluded pursuant to Rule 403."). Therefore, in order to exclude Rule 414 evidence, the Court must find that the probative value of the evidence is substantially outweighed by the danger of unfair prejudice. *See McGarity,* 669 F.3d at 1244 n.32. "Rule 403 sets a high standard for exclusion; evidence is excluded only if 'the trial judge believes there is a genuine risk that the emotions of the jury will be excited to irrational behavior, and that this risk is disproportionate to the probative value of the offered evidence.'" *United States v. Guerra*, 402 F. App'x 973, 976, 2010 WL 4872250, at *2 (5th Cir. Dec. 1, 2010).

The Fifth Circuit has held that the other acts do "not have to be similar in every respect to the charged offense. Rather the evidence need only be probative of some element of the charged offense." *Moore*, 425 F. App'x at 352; *see also United States v. Caldwell*, 586 F.3d 338, 345 (5th Cir. 2009) (affirming admission of adult pornography in child pornography prosecution to show knowledge of computer program used for both); *United States v. Dillon*, 532 F.3d 379, 389 (5th Cir. 2008) (affirming that admission of testimony by a prior act victim that defendant-officer *offered* to fix her tickets for "$150 or sex" was probative in trial regarding officer having engaged in nonconsensual sex with two other victims).

In the context of Rule 414, courts have adjusted the Rule 403 analysis based on the policies that weigh strongly in favor of admitting a defendant's prior acts of child molestation. In this case, the Rule 403 balancing weighs heavily in favor of admitting that Defendant molested similar aged boys in 2005 and 2015. *United States v. Issacs*, 257 F. App'x 704 (5th Cir. 2006) ("when the evidence closely parallels the charged offense, then the probity of the evidence may outweigh its unfair prejudice").

In contrast to the general rule precluding the use of propensity evidence underlying Rule 404(b), Rule 414 evidence can properly be admitted as propensity evidence without being unduly

prejudicial under Rule 403. Thus, the tendency of evidence of past sexual offenses to show the disposition of the defendant to commit the charged offense enhances the "probative value" side of the Rule 403 balance and weighs in favor of admission – not exclusion. *See United States v. Bentley*, 475 F. Supp. 2d 852, 859-60 (N.D. Iowa 2007) ("[T]he very purpose of Rule 414 evidence is to show propensity. In other words, because propensity evidence is admissible under Rule 414, this is not *unfair* prejudice.") (citations omitted) (emphasis in original); *see also United States v. Sebolt*, 460 F.3d 910, 917 (7th Cir. 2006) (evidence of child molestation is "not unfairly prejudicial in Sebolt's case"); *United States v. Gabe*, 237 F.3d 954, 960 (8th Cir. 2001) ("Because propensity evidence is admissible under Rule 414, this is not unfair prejudice."); *LeCompte*, 131 F.3d at 770 (finding the district court erred in excluding evidence on the basis of a "unique stigma" associated with child molestation since "[t]his danger is one that all propensity evidence in such trials presents. It is for this reason that the evidence was previously excluded, and it is precisely such holdings that Congress intended to overrule.")

Additionally, Rule 403 "is an extraordinary remedy which the district court should invoke sparingly, and **the balance should be struck in favor of admissibility**." *United States v. Lopez*, 649 F.3d 1222, 1247 (11th Cir. 2011) (discussing Rule 403 balancing test in Rule 404(b) context) (citation and quotation marks omitted) (emphasis added). Indeed, "Rule 403 requires a court to look at the evidence in a light most favorable to its admission, maximizing its probative value and minimizing its undue prejudicial impact." *Id.*; *see also United States v. Merz*, 396 F. App'x 838, 843 (3d Cir. 2010) ("If the prior offenses are demonstrated with specificity and are sufficiently similar to the type of sexual assault allegedly committed by the defendant, . . . [then] Rule 414 provides a presumption in favor of their admission.")

In applying Rule 403's balancing test to Rule 414 evidence, the Court should balance the probative value against the potential for unfair prejudice in such a way as to allow Rule 414 its intended effect. *See United States v. Mound*, 149 F.3d 799, 800-01 (8th Cir. 1998). In other words, in determining the admissibility of the evidence offered under Rule 414, the district court is obligated to take into account Congress's policy judgment that Rule 414 evidence is "exceptionally probative" of a defendant's sexual interest in children. *See Mound*, 149 F.3d at 801. Rule 403 requires that probative evidence be excluded only where the danger of unfair prejudice "substantially outweighs" the probative value. Thus, the remedy is "extraordinary," and should be applied sparingly; the balance should be struck in favor of admissibility. *See United States v. Terzado-Madruga*, 897 F.2d 1099, 1117 (11th Cir. 1990); *accord, United States v. Dennis*, 625 F.2d 782, 797 (8th Cir. 1980); *United States v. Day*, 591 F.2d 861, 878 (D.C. Cir. 1978). Further, a "trial judge's rulings under Rule 403 are rarely disturbed on appeal unless there is a clear showing that the judge abused his discretion." *United States v. Clifford*, 704 F.2d 86, 89 (3d Cir. 1983). "If judicial self-restraint is ever desirable, it is when a [Federal] Rule 403 analysis of a trial court is reviewed by an appellate tribunal." *United States v. Universal Rehabilitation Services (PA), Inc.*, 205 F.3d 657, 665 (3d Cir. 2000) (*en banc*).

The Third Circuit has specifically addressed the operation of Rule 414 in the context of a child pornography case. *See United States v. Merz*, 396 F. App'x 838 (3rd. Cir. 2010). The Court of Appeals affirmed the admission of the defendant's two prior child molestation convictions, determining that their admission did support a propensity inference because "they involved children of the same age as children in the pornography at issue" despite the prior offense being thirteen years earlier due to time the defendant spent incarcerated. *Id.*

Put differently, the Third Circuit has explained that "[i]n these archetypal cases, where the

propensity inference that can be drawn from the past act evidence is greatest, Congress surely intended for the probative value of the evidence to outweigh its prejudicial effect, and, conversely, did not want Rule 403 factors such as undue delay, waste of time, confusion of the issues, etc., to justify exclusion." *Johnson v. Elk Lake Sch. Dist.*, 283 F.3d 138, 156 (3d Cir. 2002). Indeed, "[w]here the Government can show a past offense with specificity and the act is sufficiently similar to the act with which the defendant is charged, there is a presumption in favor of admissibility of Rule 414 evidence." *United States v. Maurizio*, No. CRIM. 3:14-23, 2015 WL 5177821, at *4 (W.D. Pa. Sept. 4, 2015) (citing *Elk Lake* at 156.)

Here, the child molestation incidents that the United States intends to introduce occurred in relative frequency when Defendant's incarceration time is factored into the timeline. That is, he was convicted for the 2005 incident in 2007, sentenced to 10 years imprisonment, but served less than the full 10 years. He was released from prison in approximately March 2014, and first registered as a sex offender in May 2014. Merely one year later, in July 2015, he committed the molestation of the "2015 Victim". Similarly, after narrowly escaping punishment with the not guilty verdict in 2016, Defendant committed the instant offense approximately 4 years later in 2020. That relative frequency is highly probative to show Defendant's propensity to commit the instant offense involving Minor Victim. Similarly, the conduct involving the three victims is so similar that its probative value is substantially increased. Indeed, "[s]imilarity between the elements of the extrinsic offense and those of the charged offense may enhance the probative value of the extrinsic offense evidence." *United States v. Hernandez-Guevara*, 162 F.3d 863 (5th Cir. 1998) (allowing prior convictions for alien smuggling in alien smuggling case); *see also United States v. McCall*, 553 F.3d 821, 829 & n.21 (5th Cir. 2008) (noting that testimony that the defendant had previously engaged in "the exact crime with which he was charged in this case" was "highly probative of his

general intent" to commit the instant crime).

Others circuits have similarly found Rule 403 satisfied in admitting Rule 414 evidence. For example, the Tenth Circuit affirmed the admission of the defendant's prior state conviction for possession of child pornography in his federal trial for receipt of child pornography. *See United States v. Sturm*, 673 F.3d 1274, 1285 (10th Cir. 2012). The *Sturm* Court rejected the defendant's argument that the prior conviction was merely probative of his propensity to be "interested in and/or possess child pornography." *Id*. The *Sturm* court explained that such a reading of Rule 414 was too myopic, and the Rule specifically allows such prior evidence to be considered "for its bearing on *any* matter to which it is relevant." *Id*. (quoting Rule 414(a).)

Similarly, the First Circuit affirmed the admission of Rule 414 evidence of the defendant's possession of child pornography conviction from 10 years before his 2015 federal trial for possession of child pornography. The Court found that the fact that the prior conduct was similar to the charged conduct "enhanced its presumed probativeness." *United States v. Majeroni*, 784 F.3d 72, 76 (1st Cir. 2015).

Likewise, the Eleventh Circuit has regularly found that the probative value of Rule 414 evidence is not substantially outweighed by the danger of unfair prejudice. In 2010, the Eleventh Circuit found in *Carino* that the probative value of evidence that the defendant molested his sister when they were young was not substantially outweighed by any prejudice to his trial for receipt and possession of child pornography. *Carino*, 368 F. App'x at 929. Similarly, in 2012, the Eleventh Circuit in *Woods* found that the probative value of evidence that the defendant molested his niece was not substantially outweighed by any prejudice to his trial for receipt and possession of child pornography. *Woods*, 684 F.3d at 1065. In *McGarity*, the Eleventh Circuit rejected the defendant's claim that prejudice in his child pornography trial substantially outweighed the probative value of

evidence that he had fondled and touched his two-year-old daughter. *McGarity*, 669 F.3d at 1243-45. In *Levinson*, the Eleventh Circuit held that the probative value of evidence that the defendant had participated in online sexual chats with minors, possessed child pornography, and sexually abused his daughter was not substantially outweighed by unfair prejudice in the defendant's trial for coercion and enticement of a minor. *Levinson*, 504 F. App'x at 827-28.

The Seventh Circuit has regularly found that the probative value of Rule 414 evidence is not substantially outweighed by the danger of unfair prejudice. In *Foley*, the Seventh Circuit affirmed, in a child pornography trafficking case, the trial court's admission of the defendant's prior touching of a boy's genitals. *Foley*, 740 F.3d at 1087-88. Specifically, the *Foley* court found that the defendant "was charged with offenses of child molestation—child pornography production, distribution, and possession under 18 U.S.C. chapter 110—and the evidence that the government sought to admit was evidence of an offense of child molestation—contact between [the defendant's] body and Minor Male B's genitals when he was between eleven and thirteen years old." *Id*. at 1087. Therefore, the Seventh Circuit ruled, "Under Rule 414, Minor Male B's testimony about his past molestation was admissible to prove [the defendant's] propensity to produce and possess child pornography under federal law." *Id*. at 1087-88; *see also United States v. Hawpetoss,* 478 F.3d 820, 824 n.7 (7th Cir. 2007) (evidence of history of sexual abuse of children can be probative as to defendant's disposition towards abuse); *United States v. Erramilli*, 2015 WL 3605803, at *6 (7th Cir. June 10, 2015) ("The mere fact that the prior offense sought to be admitted was a sexual assault cannot be enough to tip the scales in favor of exclusion under Rule 403; if that were the case, Rule 403 would swallow Rule 413.").

Defendant's conduct here is at least as probative, and no more prejudicial, than the conduct in the above cases. The danger of unfair prejudice does not outweigh, much less substantially

outweigh, the probative value of evidence of Defendant's child molestation offenses from 2005 and 2015. Thus, the final prong of the Rule 414 analysis has been met.

## CONCLUSION

For the foregoing reasons, this Court should admit, pursuant to Rule 414, the United States' proposed evidence regarding Defendants' other instances of child molestation as permitted by Rule 414.

                              Respectfully submitted,

                              ASHLEY C. HOFF
                              United States Attorney

Dated: October 21, 2021        By:  /s/    Alicia A. Bove
                              ALICIA A. BOVE
                              Trial Attorney

                              */s/ Austin M. Berry*
                              AUSTIN M. BERRY
                              Trial Attorney

                              */s/ Monica L. Daniels*
                              MONICA L. DANIELS
                              Assistant United States Attorney

## CERTIFICATE OF SERVICE

I hereby certify that on October 21, 2021, I caused a copy of the foregoing memorandum to be filed with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing to all counsel of record.

                              By:  /s/ Austin M. Berry
                                   Austin M. Berry
                                   Trial Attorney